United States District Court
Southern District of Texas
**ENTERED**
June 14, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal Case No. 2:20-CR-01161** |
| | § | |
| **NOE CARILLO** | § | |

## ORDER

Pending before the Court is Defendant Noe Carrillo's letter motion to serve his federal sentence concurrently with his anticipated state sentence. (Dkt. No. 45). After reviewing the motion, the record, and the applicable law, the Court is of the opinion that the motion should be **DENIED**.

## I.      BACKGROUND

On March 11, 2021, Defendant was sentenced to 18 months' imprisonment after pleading guilty to transportation of undocumented aliens. At the time of the offense, he was on probation in Duval County, Texas, for evading arrest detention with a vehicle. The Presentence Investigation Report indicated that, at the time of sentencing, "The Duval County Adult Probation Office is aware of the defendant committing the instant federal offense; however, the status of his state case is unknown." (Dkt. No. 40, ¶ 25). Defendant states that Duval County has since filed a petition to revoke his probation. He now moves the Court to order that his federal sentence run concurrently with his anticipated state sentence.

## II.     LEGAL STANDARD

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see also* 18 U.S.C. § 3584(a); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010).  While a federal court has discretion to permit the

concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment; otherwise there is a presumption that the sentences run consecutively.  *See United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). "Although the Fifth Circuit has not issued a published decision in which it applied the presumption of consecutive sentences in a case where the federal sentence was imposed and then a ***subsequent*** state sentence was imposed, . . .  at least one unpublished Fifth Circuit decision has held [that the presumption applies]." *United States v. Starr*, 2008 WL 4279481, at *3 (S.D. Tex. Sept. 11, 2008) (emphasis in original) (citing *Aldridge v. Wendt*, 149 F. App'x 253, 2005 WL 2055929 (5th Cir. Aug. 26, 2005)). "Numerous lower courts within the Fifth Circuit have also applied the rule in *Free* to hold that the failure of the federal sentencing court to specify that the federal sentence is to run concurrently to an anticipated state sentence results in the designation of a consecutive sentence." *Id.* (citing *United States v. Kellogg,* 2006 WL 1312479, *2 (W.D. La. May 11, 2006); *Lisby v. Joslin,* 2005 WL 3148607, *2 (N.D. Tex. Nov. 22, 2005)).

## III.    ANALYSIS

Defendant maintains that both his attorney and United States Magistrate Judge Julie K. Hampton told him that his federal sentence would run concurrently with any forthcoming state sentence for probation revocation. The federal judgment, however, is silent. (*See* Dkt. No. 43). The presumption is that Defendant's federal sentence runs consecutively to any anticipated state sentence, and the Court has limited authority to amend the judgment.

The record shows that the Court made no comment regarding concurrency at sentencing. Because the written judgment accurately reflects the Court's oral pronouncement, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 to run

sentences concurrently where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"); *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006) (district court made no clerical error in its written judgments and did not err in denying Rule 36 motion, where judgment was silent as to concurrency and court made no comment on concurrency at sentencing). The Court similarly "has no authority to modify defendant's judgment or otherwise 'order,' post-judgment, that the sentences run concurrently or consecutively." *United States v. Torres*, 2018 WL 3150678, at \*2 (E.D.N.C. June 27, 2018) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*)).

To the extent Defendant seeks to challenge the Bureau of Prisons' (BOP) calculation of his federal sentence, he may file a petition under 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. Section 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16 and collecting cases). Any challenge to the BOP's calculation of sentencing credit pursuant to Section 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated at FCI Beaumont Low, which is located in the Eastern District of Texas. Assuming Defendant remains incarcerated in Beaumont, he should file any Section 2241 petition in the Eastern District of Texas, after first exhausting his administrative remedies.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's letter motion to serve his federal sentence concurrently with his anticipated state sentence for probation revocation (Dkt. No. 45) is **DENIED**.

It is SO ORDERED.

Signed on June 14, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**